# Sax v. Zanger.

[No. 22,944. Filed January 14, 1916.]

1. APPEAL.—Review.—Cross-Examination of Witness.—In an action for damages for breach of a contract employing plaintiff as purchasing agent and superintendent of the dry goods department of defendant's store, where defendant had testified on direct examination that plaintiff had no knowledge of the business and was incompetent to manage a business such as defendant conducted, the question of the extent of defendant's business was a proper subject for cross-examination. p. 264.

2. APPEAL.—Review.—Harmless Error.—Admission of Evidence.—In an action for damages for breach of a contract employing plaintiff as purchasing agent and superintendent of a department in defendant's store, the action of the trial court in permitting plaintiff to testify as to his opinion of the amount of business transacted annually was erroneous, but harmless, in view of the fact that plaintiff testified to an amount approximating the amount fixed by defendant. p. 265.

3. CONTRACTS.—Employment.—Breach.—Evidence.—Wages Paid by Former Employer.—In an action for breach of a contract of employment, testimony as to the wages the plaintiff had received from former employers was properly excluded, in the absence of anything to show that the amount of wages formerly received entered into or had any bearing on the contract between plaintiff and defendant. p. 265.

4. APPEAL.—*Review.*—*Refusal of Instructions.*—In an action for breach of a contract of employment, the refusal of a requested instruction that the verdict should be for defendant if it was found that at the time plaintiff entered his employment he believed that plaintiff was there on trial was not error, in view of instructions given which in effect told the jury that unless a contract as alleged in the complaint had been entered into by the parties there could be no recovery. p. 265.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Frederick J. Zanger against Charles B. Sax. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Hubbell, McInerny, McInerny & Yeagley,* for appellant.

*Slick & Slick,* for appellee.

ERWIN, J.—Appellee brought this action to recover damages for breach of contract. Trial by jury, verdict and judgment for $600. The only error assigned is, overruling the motion for a new trial. This motion seeks to challenge the court's rulings on the admission of certain evidence; the rejection of certain evidence; the giving of certain instructions and the refusal to give certain instructions tendered by appellant. The complaint is based upon an alleged contract entered into between the parties hereto and avers that a parol contract was made between them by the terms of which appellee was to work for appellant for the period of one year from July 24, 1912, as manager and purchasing agent and have general supervision of the dry goods department of appellant's store at and fo the sum of $3,000; that appellee entered upon and so continued in said employment until August 17 of said year, when appellant discharged him without cause. That appellee performed the conditions of said contract

by him to be performed until his discharge and has at all times since said discharge been ready and willing to perform all the conditions of said employment, but that he has been prevented from doing so by reason of the acts of appellant, and he demands judgment for the full contract price of his employment. Appellant filed answers in six paragraphs, the first a general denial; the second a plea of payment; the third accord and satisfaction; the fourth sets up matters by which he seeks to excuse his action in discharging appellee, and that he was induced to enter into said contract by reason of certain false and fraudulent statements made by appellee, and that appellee was not qualified by reason of inexperience to conduct the business for which he was employed. The fifth paragraph alleges that a different contract was entered into between the parties, and that the discharge was for the cause enumerated in the fourth paragraph; the sixth alleges the duties that were to be performed by appellee and the skill and learning necessary to conduct the business properly for which appellee was employed, and that he lacked in these qualifications, hence his discharge.

The first alleged error discussed is that the court required appellant to answer on cross-examination the extent of his business transacted per year and gave answer that it amounted to $200,000, and that the business in the dry goods department amounted to about $40,000. Appellant had testified on direct examination that appellee had no knowledge of the business and was incompetent to manage a business such as appellant had and conducted. The question of the extent of the business was proper cross-examination.

It is next insisted that the court erred in permitting appellee to testify as to his opinion of the

2.  amount of business transacted annually in the dry goods department of appellant's store. This under the facts shown could only be a bare opinion of the witness and should not have been allowed, but it is apparent that no harm resulted to appellant, as the testimony was, as to amount, approximately what appellant fixed it at.

3.  It is contended that the court erred in refusing to permit appellee to answer a question as to what wages he had received from others for whom he worked before coming to appellant. What he did or did not receive from former employers had no bearing upon whether the contract was entered into between appellee and appellant or the consideration therein stipulated. It does not appear from the evidence that at any time before the contract was entered into that any statement was made by appellee or inquiry made by appellant as to what wages appellee had received from any former employer.

4.  Appellant insists that the trial court erred in giving instructions Nos. 1, 3, 6 and 7 tendered by appellee and in refusing to give instruction No. 7 tendered by him. The instructions given of which appellant complains are substantially the same as were given in the case of *Hamilton* v. *Love* (1899), 152 Ind. 641, 53 N. E. 181, 54 N. E. 437, 71 Am. St. 384, which were approved by this court. Instruction No. 7 tendered by appellant was as follows: "If you find from the evidence that the plaintiff entered the employ of the defendant to work in the store of Charles B. Sax and Company and at the time he entered such employ the defendant believed that said plaintiff was there on trial then the plaintiff cannot recover from the defendant, and under such circumstances your verdict should be for the defendant." The refusal to give

this instruction is assigned as error. The court gave at the instance of appellant instructions Nos. 6 and 8 which read as follows: "6. If plaintiff and defendant did not make a contract between them under which the plaintiff was to work for defendant for the period of one year, then plaintiff can not recover." "8. If you find from the evidence that the plaintiff entered the employ of the defendant upon trial for fifty dollars per week, and if his work proved satisfactory, then he should work one year and have a further compensation of $500 at the end of the year, and if you further find from the evidence that said plaintiff did not prove satisfactory to defendant, then defendant had a right to discharge the plaintiff from his employ and under such circumstances the plaintiff can not recover from defendant." These instructions cover the tendered instruction No. 7, all of which were, in effect, telling the jury that unless such a contract as was alged in the complaint had been entered into by the parties no recovery could be had. The court in an instruction given on its own motion told the jury that the burden was on appellee to prove every material allegation of his complaint by a fair preponderance of the evidence.

No reversible error being presented the judgment is affirmed.

NOTE.—Reported in 111 N. E. 1. As to contracts of employment, see 51 Am. St. 301. As to limiting cross-examination of a witness to the scope of the direct examination, see 17 Ann. Cas. 4. See, also, under (1) 40 Cyc 2480; (2) 38 Cyc 1419, 1430; (3) 26 Cyc 1007, 1013; (4) 38 Cyc 1711.