## ORR ET AL. *v.* BROWN ET AL.

[No. 22,698.   Filed January 14, 1916.]

1. APPEAL.—*Briefs.*—*Insufficiency.*—Briefs of appellants merely showing that a drainage petition was filed, that commissioners were appointed who made a report to which appellants remonstrated, that a trial was had and judgment rendered, from which an appeal was prayed, and not showing anything as to what the issues were or how they were decided, and omitting all the requisites for presenting anything for review, are insufficient.  p. 271.

2. APPEAL.—*Rules of Court.*—*Effect.*—The rules of the court on appeal are alike binding on the court and litigants.  p. 272.

From Knox Circuit Court; *Thomas B. Coulter,* Special Judge.

Drainage proceeding on the petition of Hiram Brown and others, and from the judgment rendered, Judith A. Orr and others appeal.  *Affirmed.*

*Edward B. Green, Theodore G. Risley, William F. Calveiley* and *Charles B. Judah,* for appellants.

*James Wade Emison, John T. Hays, Will H. Hays* and *Hinkle C. Hays,* for appellees.

ERWIN, J.—It appears from appellants' brief that a petition for drainage was filed in the Knox Circuit Court and that such steps were taken that commissioners were appointed, made a report to which appellants filed a remonstrance, and that a trial was had and judgment rendered in the cause, and that an appeal was prayed to this court.  It does not appear from appellants' brief what the petition contained or what causes of remonstrance were filed by appellants, or for what reasons they demurred to the petition, or what objections were interposed to the docketing of the petition, or that the same was docketed, or who the commissioners were who were appointed to view the proposed drain, or that they ever qualified as such, or what report they made or what

the objections were to the report made; nor is the motion to strike out the report or the motion for a new trial set out. It is shown that an appeal was prayed and surety approved, but it is not shown that the bond was ever filed. The briefs show that appellants were substituted for the original remonstrator, but for what cause or what the substance of the petition was on which the order was made is not shown. They also fail to set out the evidence introduced on the trial or the substance of the same, or the filing of the general bill of exceptions; or the judgment rendered by the court on the issues joined by the petition and the remonstrance. In short the brief fails to show the rendition of any judgment fixing the assessments of benefits or damages in favor of, or against appellants. This brief in no wise complies with the rules of this court. There is a motion for a continuance which is properly set forth in the briefs, and to overrule which might have been reversible error had the briefs disclosed that it in any wise affected appellants. The rules of this court are alike binding on this court and litigants.

2.

Appellants having failed to set out in their brief what the issues were or how they were decided, there is nothing we can do but affirm the judgment.

NOTE.—Reported in 111 N. E. 1. See, also, under (1) 3 C. J. 1408; 2 Cyc 1013; (2) 11 Cyc 743.