COUCH *v.* STATE OF INDIANA.

[No. 30,505. Filed May 27, 1965.]

*James W. Bradford,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl E. Van Dorn,* Assistant Attorney General, for appellee.

ACHOR, J.— Appellant was tried and convicted by jury on an affidavit charging robbery and was sentenced to the Indiana State Reformatory for a term of 10 to 25 years.

The only error assigned in this appeal is the trial court's overruling of appellant's motion for new trial.

Appellant's sole contention in support of this appeal is that the evidence is not sufficient to sustain a conviction, because the sole evidence connecting him with the crime is the testimony of two alleged accomplices, which testimony, he asserts, is unworthy of belief because:

1. The alleged accomplices were testifying under the threat of an impending trial for their part in the robbery.

2. One alleged accomplice stated on cross-examination that he hoped he would receive leniency because of his cooperation, although no official had indicated this possibility existed.

3. The similarity in the testimony of the two witnesses as well as between their testimony and the allegations of the affidavit, indicates considerable discussion between them and the prosecuting attorney prior to testifying.

Also, in opposition to the testimony of the alleged accomplices, appellant's wife testified that at the time of the alleged robbery, appellant was with her in Alabama. Thus in effect, it is appellant's contention that, whereas the testimony of the alleged accomplices must be received with great scrutiny, we must accept the testi-

mony of his wife which he characterizes as "uncontradicted" and, therefore, he asserts, that the evidence cannot sustain the verdict of the jury, which evidence under the law must be beyond a reasonable doubt.

However, appellant's contentions do not present grounds for appeal with respect to the wife's testimony. It is subject to the same criteria of bias and self-interest which appellant levels at the accomplices' testimony. Consequently, the jury was faced with conflicting testimony and their verdict reflects a weighing of all factors going to credibility. Such was the peculiar function of the triers of fact and it is not within the province of this court to dispute that determination. *Coffer* v. *State* (1958), 239 Ind. 22, 154 N. E. 2d 371; See also: *Beatty* v. *State* (1963), 244 Ind. 598, 194 N. E. 2d 727; *Myers* v. *State* (1960), 240 Ind. 641, 168 N. E. 2d 220.

Furthermore, there is no deficiency which this court may consider because of the fact that the state's case was based solely upon the testimony of the accomplices. In this state an accomplice is a competent witness and his testimony will sustain a conviction even if there is no corroboration. *Jay* v. *State* (1965), 246 Ind. 527, 206 N. E. 2d 128; *Green* v. *State* (1960), 241 Ind. 96, 168 N. E. 2d 345; *Coffer* v. *State, supra*. The fact that the testimony is that of an accomplice merely presents a fact as to the weight with which such testimony should be considered by the trier of the facts. We conclude that the conviction is sustained by legally competent evidence and the judgment of the trial court must therefore be affirmed.

Judgment affirmed.

Jackson, C. J., concurs in the result.

Arterburn, Landis & Myers, JJ., concur.

NOTE.—Reported in 207 N. E. 2d 365.