GEORGE WILLIE JOHNSON *v.* STATE OF INDIANA.

[No. 571S135. Filed April 17, 1972. Rehearing denied June 6, 1972.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellant.

GIVAN, J.—Appellant was charged by affidavit in three counts: 1. Inflicting physical injury while engaged in the commission of a robbery, 2. Robbery, 3. Armed Robbery. Subsequently the state moved to enter a *nolle prosequi* to Counts 1 and 3, which motion was granted. The jury returned a verdict of guilty as charged in Count 2. Appellant was sentenced to the Indiana State Prison for not less than ten nor more than twenty-five years.

The record discloses the following facts:

On the 4th day of September, 1969, the appellant along with Robert Lee Bateman, Darrell Ross, Samuel Campbell and Donzella Green, met at Brodey's Tavern. The men questioned Miss Green, who was a former employee of Mrs. Alex Krannert, concerning Mrs. Krannert's home and the personal property in the home. Following this conversation the four men left the tavern and went out to look the Krannert home over. The four men then plotted to take property from the Krannert home.

Later that evening the four men entered the house through an upstairs bathroom window, using a ladder. Once in the house they went down the stairway into the kitchen where the custodian, Henry Terrell, was eating. Robert Bateman grabbed Mr. Terrell and held him. Samuel Campbell began kicking in the door to Mrs. Krannert's room. Mr. Terrell shouted a warning to Mrs. Krannert, at which time he was grabbed by the appellant and Robert Bateman and told to shut up. When Campbell succeeded in kicking in the door to Mrs. Krannert's room, she was standing there holding a gun which Campbell took from her. Both Terrell and Mrs. Krannert were tied up with cords cut from Venetian blinds in the home, and rings were taken from Mrs. Krannert's fingers. In addition money, jewelry and furs estimated at the value of $100,000 were taken from the Krannert home.

At some point during the attack on Mrs. Krannert she was struck in the eye. The evidence is uncertain as to which of

the four participants actually delivered the blow. Mrs. Krannert also had various cuts and abrasions.

Both Bateman and Campbell testified against the appellant in this case. Appellant testified in his own behalf stating that he merely went along with the others without knowing what purpose they had in mind.

Appellant first argues there is an insufficiency of evidence to support the verdict of the jury in that he claims the evidence consists only of the testimony of his accomplices. In the first place we cannot agree with appellant's position that the only evidence against him was that given by his accomplices. However, even if that were true, the rule in this state is that accomplices are competent witnesses when they consent to testify. *Burns Ind. Stat., 1956 Repl., § 9-1603.*

This Court has held that the uncorroborated testimony of an accomplice will sustain a conviction. *Turner* v. *State* (1972), 258 Ind. 267, 280 N. E. 2d 621, 30 Ind. Dec. 143; *Couch* v. *State* (1965), 246 Ind. 531, 207 N. E. 2d 365, 5 Ind. Dec. 520.

Appellant next claims there is insufficient evidence to support his conviction in that there is no evidence of violence or the putting in fear as alleged in the affidavit. With this we cannot agree. In addition to testimony concerning the treatment of both Mrs. Krannert and Mr. Terrell, there are photographs of Mrs. Krannert which were introduced in evidence showing a severely bruised left eye and various scrapes and bruises on her hands and arms. We hold there is ample evidence in this record from which the jury could conclude that both Mrs. Krannert and Mr. Terrell were subjected to violence and put in fear by the actions of the appellant and his accomplices. *MacTate* v. *State* (1971), 256 Ind. 55, 267 N. E. 2d 76, 24 Ind. Dec. 624.

Appellant also argues that his conviction cannot stand because there was no testimony from Mrs. Krannert, the victim

of the crime. With this we cannot agree. In fact, the contention borders on the ridiculous. If testimony of a victim of a crime is necessary, we obviously could not convict persons who had perpetrated a homicide. We know of no rule nor does appellant cite any such rule in support of his contention. In the *MacTate* case, *supra,* this Court held that the victim need not testify as to his fear in establishing a robbery; that the evidence was sufficient if the jury could reasonably infer that the victim was in fact in fear. An extension of this reasoning leads logically to the conclusion that the same would apply to any essential element for the proving of a crime. We see absolutely no reason for any rule which would require the testimony of the victim of a crime.

We hold the evidence in the record before us is sufficient to support the verdict of the jury. The trial court is affirmed.

Arterburn, C. J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 100.