EMMETT ARD *v.* STATE OF INDIANA.

[No. 971S249. Filed July 24, 1972.]

*Arthur Allan Keppen,* of Michigan City, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with second degree burglary of Arndt's Tavern on July 21, 1970. Trial by jury resulted in a verdict of guilty as charged. Appellant was sentenced to the Indiana State Prison for a period of not less than two nor more than five years.

The record reveals the following:

On the night of July 21, 1970, Mary Webb and Louis McCray had a conversation with the appellant wherein he stated that he was a "Blacksone Ranger" and was going to make a "hit" and told them if they said anything to anyone that he would "get" Louis McCray. This conversation took place

next door to Arndt's Tavern. Mary Webb testified that shortly after the conversation she heard the sound of breaking glass at the rear of the tavern. That night the tavern was broken into and bottles of liquor removed from the premises. An automobile fitting the description of appellant's car was seen by police leaving the scene of the crime. The information was dispatched to other police cars in the area. A police officer in a patrol car, after receiving this communication, stopped the appellant some four blocks from the tavern. The appellant, who was driving, immediately got out of the car to talk with the police officer. The officer looked in the car and saw bottles of liquor in both the front and back seats of the car. Cornelius Singleton and Robert Upshire were in the automobile with the appellant.

Singleton testified that the appellant owed him some money and promised to get it for him. He had met the appellant and Azell Bailey at Arndt's Tavern. Singleton gave Bailey a lug wrench and stood watch. He testified that he heard glass breaking and saw a light go off in the building. The appellant and Bailey returned with cases of whiskey, after which they made three or four trips back into the tavern and carried out more liquor.

After they left Arndt's Tavern they went to the parking lot of Sammy's Tavern where they sold some of the liquor and gave some away.

Appellant, Bailey and Singleton then left Sammy's Tavern and put the remaining liquor in an abandoned car.

Singleton and appellant then returned to Arndt's Tavern. Appellant again went inside and returned with more liquor which the two of them loaded into appellant's car. After leaving the tavern, they picked up Robert Upshire, who was hitchhiking. A few minutes later they were stopped by police.

Appellant testified that he had loaned his automobile to Singleton and that he had just regained possession of his car from Singleton a few minutes before the arrest. He claimed

that he had not seen the liquor in the front and back seats of the car.

Appellant first claims that the evidence did not support the verdict of the jury and, therefore, was contrary to law. We must accept the evidence most favorable to the state. We will not weigh the evidence or determine the credibility of the witnesses. *Gaddis* v. *State* (1969), 253 Ind. 73, 251 N. E. 2d 658, 19 Ind. Dec. 74; *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809, 9 Ind. Dec. 121.

In the case at bar there is substantial evidence upon which the jury could conclude that the appellant was in fact guilty as charged. Appellant cites *Key* v. *State* (1956), 235 Ind. 172, 132 N. E. 2d 143, in support of his contention that he could not be convicted on the uncorroborated testimony of his accomplice Singleton. However, in the *Key* case the alleged accomplice had admitted making statements before the trial contrary to his testimony. However, in the case at bar, there is no irregularity in the testimony of Singleton. The *Key* case cited by the appellant is authority for the proposition that a defendant may be convicted on the testimony of an accomplice. We would also point out that the evidence of Singleton is not the only evidence against the appellant in the case at bar. In addition to the fact that he was arrested in his own automobile with liquor taken from the tavern, there was also the testimony of Mary Webb from which the jury could conclude that appellant was planning to and did in fact break into the tavern. Professor McCormick in his book, C. McCORMICK, LAW OF EVIDENCE 2d (1972), at § 295 states:

> "Despite the failure until recently to recognize the potential value of declarations of state of mind to prove subsequent conduct, it is now clear that out-of-court statements which tend to prove a plan, design, or intention of the declarant are admissible, subject to the usual limitations as to remoteness in time and apparent sincerity common to all declarations of mental state, to prove that the plan,

design, or intention of the declarant was carried out by the declarant."

Appellant next contends that his constitutional right to equal protection was infringed by the method of jury selection in that no negroes were on the jury. In the recent case of *Lake* v. *State* (1971), 257 Ind. 264, 274 N. E. 2d 249, 252, 27 Ind. Dec. 285, this Court stated:

". . . . This Court will not presume prejudice merely because a particular panel did not happen to include members of a particular minority group."

The Court in the *Lake* case quoted from *Akins* v. *Texas* (1945), 325 U.S. 398, 65 S. Ct. 1276, 89 L. Ed. 1692 as follows:

" '* * * The mere fact of inequality in the number selected does not in itself show discrimination. A purpose to discriminate must be present which may be proven by systematic exclusion of eligible jurymen of the proscribed race or by unequal application of the law to such an extent as to show intentional discrimination.' "

We find nothing in this record to indicate that the absence of negroes on the jury that convicted the appellant was the result of any discrimination or systematic exclusion of negroes from jury duty in LaPorte County.

The trial court is affirmed.

Arterburn, C.J., and Hunter and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 284 N. E. 2d 763.