LOWELL BAREFOOT *v*. STATE OF INDIANA.

[No. 3-672A25.  Filed October 4, 1972.  Rehearing denied November 1, 1972.  Transfer denied March 21, 1972.]

*Howard S. Grimm, Jr., Grimm & Grimm,* of Auburn, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

STATON, J.—Lowell Barefoot was tried before a jury and convicted of theft.[1] Two accomplices testified for the State and against Lowell Barefoot. Lowell Barefoot's "Motion to Correct Errors" raises the questions of credibility and weight to be given the testimony of the two witnesses. His motion states as error the following:

> "Both of the State's chief witnesses against the defendant professed to be accomplices of the defendant in the commission of the crime charged. One of them admitted, on the record, that he is a liar as well as a convicted felon. The other is a convicted felon. Both are incarcerated in the State Penitentiary and were so incarcerated prior to and at the time of the trial of this case. One of the State's chief witnesses, Jerry Brimhall, although he claims to have been an accomplice with the defendant in the commission of this crime, has not been prosecuted for this crime.

> "Without the testimony of these two witnesses, the State could not have convicted the defendant. In view of these circumstances, and the rule of law to the effect that the testimony of an accomplice should be closely scrutinized and

---

1. Lowell Barefoot was convicted pursuant to I.C. 1971, 35-17-5-3; Ind. Ann. Stat. § 10-3030 (Burns 1956). He was sentenced to the Indiana State Prison for a term of not less than one nor more than five years.

cautiously received, the verdict of the Jury is not sustained by sufficient evidence and is against the weight of the evidence."

We affirm the judgment of the trial court in our opinion which follows.

*STATEMENT OF FACTS:* Lowell Barefoot was charged on two counts by an affidavit on August 12, 1971. The first count was conspiracy to commit a felony, and the second count was theft. The evidence most favorable to the State is that Lowell Barefoot and Jerry Brimhall planned to steal aluminum rolls weighing in excess of 2300 pounds from Barth, Inc. located in Milford, Indiana. The meeting took place on February 23, 1971 in a bar at Syracuse, Indiana. Lowell Barefoot agreed to pay Jerry Brimhall and Orlo Stouder $200.00 for each roll of aluminum. The planning took at least five hours. In the closing hours of the evening of February 23, 1971, the three men departed for Milford, Indiana. Near midnight, Lowell Barefoot and Jerry Brimhall waited outside in a car until Orlo Stouder started one of the Barth, Inc. trucks by wiring around the ignition. A 2300 pound roll of aluminum was loaded onto the truck with a fork-lift which belonged to Barth, Inc. Jerry Brimhall and Orlo Stouder transported the stolen aluminum roll to a barn where Lowell Barefoot was waiting. After delivering the first roll of aluminum, they decided to return for a second. Lowell Barefoot paid $200.00 for each of the two stolen rolls of aluminum.

Lowell Barefoot was found guilty of theft by the jury on February 7, 1972. On the first count, conspiracy to commit a felony, he was found not guilty. The court sentenced him to the Indiana State Farm for a period of not less than one nor more than five years. Lowell Barefoot filed his motion to correct errors which presents the following issue.

*STATEMENT OF THE ISSUE:* The only issue to be de-

cided upon this appeal is whether the jury's verdict is sustained by sufficient evidence.

*STATEMENT OF THE LAW:* The State contends that the credibility of the two accomplices, Jerry Brimhall and Orlo Stouder, was a matter for determination by the trier of fact or the jury in the present case. The State further contends that it is not the function of the reviewing court to reassess the credibility of witnesses. We agree with these contentions.

The testimony of the two witnesses has been carefully examined. We cannot say that their testimony lacks any probative value as a matter of law. The weight to be given their testimony must be left to the jury or trier of facts. The jury believed enough of the testimony to return a verdict of guilty on the second count. We cannot substitute our judgment for the jury's on the credibility of the two witnesses. Our Supreme Court has recently stated in *Vaughn* v. *State* (1972), 259 Ind. 157, 284 N. E. 2d 765, 766 in an opinion written by Justice Prentice that:

". . . This Court, on appeal, will not weigh the evidence nor determine the credibility of witnesses."

Also see *Eppert* v. *Hall* (1892), 133 Ind. 417, 419, 31 N. E. 74, 32 N. E. 713; *White* v. *Crow* (1964), 245 Ind. 276, 198 N. E. 2d 222; *Holliday* v. *State* (1970), 254 Ind. 85, 257 N. E. 2d 679; and *Ard* v. *State* (1972), 259 Ind. 161, 284 N. E. 2d 763.

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

Note.—Reported in 287 N. E. 2d 562.

## On Petition for Rehearing

Staton, J.—Lowell Barefoot's "Petition for Rehearing" raises a question which our opinion did not squarely answer. We do so now. The question raised in the petition is expressed as follows:

". . . [A] *conspirator cannot be convicted upon the testimony of his accomplice or accomplices unless such testimony is corroborated by other evidence tending to connect the accused with the commission of the offense. Proof that the offense was committed and of the circumstances thereof is not enough. U.S.* v. *Lancaster* (1891), 44 F. 896, 10 L. R. A. 333, *Powers* v. *Comm.* (1901), 110 Ky. 386, 61 S. W. 735, *State* v. *Dunn* (1918), 140 Minn. 308, 168 N. W. 2."

Recent holdings by our Supreme Court would indicate that this contention is without merit in the present case.

In *Couch* v. *State* (1965), 246 Ind. 531, 533, 207 N. E. 2d 365, Judge Achor stated:

"Furthermore, there is no deficiency which this court may consider because of the fact that the state's case was based solely upon the testimony of the accomplices. In this state an accomplice is a competent witness and his testimony will sustain a conviction even if there is no corroboration."

In *Johnson* v. *State* (1972), 258 Ind. 351, 281 N. E. 2d 100, 101 [30 Ind. Dec. 296, 298] Justice Given held:

"This Court has held that the uncorroborated testimony of an accomplice will sustain a conviction."

The petition for rehearing should be and the same hereby is denied.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported in 288 N. E. 2d 564.