ROBERT LEE PERKINS *v.* STATE OF INDIANA.

[No. 2-1272A145. Filed May 8, 1973. Rehearing denied May 30, 1973.]

*Alex L. Rogers, Steers, Klee, Sullivan & Lemay,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Lynda F. Huppert,* Deputy Attorney General, for appellee.

SULLIVAN, J.—Appellant-defendant Robert Lee Perkins was charged by affidavit with the crime of robbery. Trial was had in Marion County Criminal Court, Division No. 3 without jury. Perkins was found guilty as charged and sentenced to imprisonment for not less than ten (10) nor more than twenty-five (25) years. Upon appeal, he maintains that the evidence was insufficient to support his conviction.

The facts most favorable to the State are as follows:

On January 19, 1972, at approximately 9:00 or 9:30 P.M. the victim, Grace Griffie, heard someone at her front door. Upon opening the door she saw Perkins. Putting a knife to her head, he pushed his way into the house. Appellant threatened her with the knife telling her he would kill her if she didn't make her three little children stop "hollering". Perkins then proceeded to take money from Mrs. Griffie's purse and an FM radio from one of the rooms. He placed Mrs. Griffie and her children in the bedroom and told them to stay there until he left. While they were in the bedroom, the defendant shouted "don't some out, I'm not gone yet, and if you come out I'll kill you." While in the bedroom Mrs. Griffie heard a hall closet door being opened and closed; and after the defendant had left, discovered that six coats were missing.

Perkins first contends that the evidence was insufficient to support the verdict because there is no "untainted" evidence

showing that the victim was put in fear. Although the victim did testify she was in fear of her life and the lives of her children, Perkins argues her testimony was inadmissible because her answer was influenced by a previously asked leading question.

The material elements of the crime of robbery are: (1) an unlawful taking; (2) from the person of another; (3) any article of value; (4) by violence or putting in fear; IC 1971, 35-13-4-5, Ind. Ann. Stat. § 10-4101 (Burns 1956 Repl.) ; *Jackson* v. *State* (1971), 255 Ind. 289, 275 N.E.2d 538.

Consequently Perkins concludes that all of the above mentioned elements must be proved to uphold a conviction and thusly, since there is no "unprejudiced" evidence as to "putting in fear", his conviction for robbery was erroneous. We do not agree.

It is not essential in a robbery conviction that the victim specifically testify that he was "in fear" if there is sufficient evidence of probative value from which such inference might reasonably be drawn. *Mac Tate* v. *State* (1971), 256 Ind. 55, 267 N.E.2d 76. The record reveals such evidence here. The victim, a woman, was in her home with her children at night when their lives were threatened by a man with a knife. It is undisputed that the intruder who pushed his way into the house was armed with a knife. It is indeed reasonable to conclude that Mrs. Griffie, as she testified, was in fear at that time.

Next, Perkins challenges the sufficiency of the evidence presented identifying him as the perpetrator of the crime. However, the record clearly shows that the victim identified the defendant in court and testified that she identified him by a scar on his chin, his demeanor, his color and his height. Nevertheless, Perkins contends that this identification is not sufficient of itself because of a slight discrepancy between her description of the perpetrator's height and his (Perkins) actual height. Mrs. Griffie described her assailant's height

as approximately 5'5" while the record shows that Perkins was approximately 5'9" tall.

Partial uncertainties or weaknesses only affect the weight, not the admissibility, given to evidence by the trier of facts. *Bellamy* v. *State* (1972), 154 Ind. App. 682, 290 N.E.2d 791; *Rhodes* v. *State* (1972), 154 Ind. App. 594, 290 N.E.2d 504. The trier of fact must consider the witness's ability to accurately describe his assailant. *Bryant* v. *State* (1972), 257 Ind. 679, 278 N.E.2d 576. However, this court on appeal will not reweigh the evidence unless there is no substantial evidence of probative value from which guilt beyond a reasonable doubt may be inferred. *Rhodes* v. *State, supra.* The victim's identification of the defendant is evidence of probative value. In *Potter* v. *State* (1971), 257 Ind. 370, 274 N.E.2d 699, the court treated an assertion by defendant that his identification by the prosecuting witness was insufficient because defendant himself denied that identification and offered two alibi witnesses. The court answered:

> "We find nothing inherently 'unbelievable' or 'fantastic' in the testimony of the prosecuting witness. He unequivocally identified Defendant as his assailant, and under the circumstances and the authority of the foregoing cases, we are neither required nor permitted to consider the conflicting evidence or inferences." (274 N.E.2d 699, 700)

Likewise, we do not find the trial court's decision influenced more by the victim's verbal description ("incorrect" by a mere matter of inches) than by her in-court identification or to be contrary to law.

Judgment affirmed.

Buchanan, P.J., concurs; White, J., concurs in result only.

NOTE.—Reported at 294 N.E.2d 846.