MICHAEL CRAWFORD *v.* STATE OF INDIANA.

[No. 2-173A2. Filed June 28, 1973.]

*Daniel J. Harrigan, J. Michael Cord, Bayliff, Harrigan, Cord & Maugans,* of Kokomo, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

SHARP, J.—The Appellant was arrested without a warrant at the Carver Recreation Center in Kokomo, Indiana on Friday, January 14, 1972 at approximately 2:00 o'clock P.M. by Officer Eades of the Kokomo Police Department. He was immediately taken to the Kokomo Police Station and within a two hour period he signed a written waiver of his rights, a written warning of his rights, and a written confession.

Preliminary to his warrantless arrest the Kokomo Police Department had been advised of a robbery at the Scrub Board Laundry in Kokomo on January 10, 1972. At the time of his arrest the Kokomo Police Department had in its possession a written statement from an accomplice of the Appellant in said robbery, which written statement affirmatively alleged the Appellant's participation in and involvement in said robbery. The Kokomo Police Department also had a written statement from a purported eyewitness to the robbery who affirmatively alleged the participation and involvement of the Appellant in the robbery.

On January 19, 1972 an affidavit was filed charging the Appellant with the offense of armed robbery at the Scrub Board

Laundry in Kokomo, Howard County, Indiana on January 10, 1972. Subsequently the Appellant entered a plea of not guilty to said offense. The case was tried by a jury who found the Appellant guilty of the crime of robbery for which the Appellant was sentenced to a term of ten to twenty-five years imprisonment.

Preliminary to the trial the Appellant filed a motion to suppress the three written items which he had signed at the Kokomo Police Station on the afternoon of January 14, 1972, namely, the written warning of rights, the written waiver of rights and written confession. The trial court had overruled said motion to suppress after an extensive evidentiary hearing preliminary to trial.

The following occurred, during the trial, at the time when the Prosecuting Attorney offered these three written exhibits into evidence:

"MR. SMITH: Your Honor at this time State is going to offer these into evidence, I assume counsel might have a preliminary question.

MR. SIMMONS: We have no questions Your Honor.

BY THE COURT: State's Exhibits 1, 2 and 3 have been offered into evidence, does the defendant have any objections.

MR. SIMMONS: We have none.

BY THE COURT: Let the record show, State's Exhibits 1, 2 and 3 have been received into evidence.

Q. Officer Eades, the warning, the waiver and the statement which has just been read by the jury, the person who executed that is the same Michael Crawford, the defendant in this case, is that correct?

A. Yes, sir, it was.

Q. Do you know his age?

A. I believe at that time sir it was 18. I believe he would be 19 by this date.

Q. The reason why is that he told you down at the station he was 18, is that correct?

A. Yes sir.

Q. At the time you took this statement what was his physical condition in terms of had he been drinking or anything like that?

A. No sir, he hadn't.
Q. Everything you have testified occurred in Howard County, State of Indiana?
A. Yes, sir, it did."

Thus, the Appellant-Defendant made no objection whatsoever at the trial to the admission of the written warning of rights, written waiver of rights and written confession and in fact, his counsel expressly said "We have none."

This precise circumstance was dealt with by our Supreme Court in a unanimous decision in *Harrison* v. *State* (1972), 258 Ind. 359, 281 N.E.2d 98, 99, as follows:

"We do not pass on the question as to whether or not the motion to suppress was properly overruled for even if we assume for the sake of argument that the motion to suppress was erroneously overruled, that question was waived by appellant when counsel for the appellant expressly stated that he had no objection to the admission of the questioned objects into evidence. This Court has repeatedly stated that failure to object at trial constitutes a waiver as to the admissibility of evidence, and that no issue is preserved for appeal. *Langley* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538, 25 Ind. Dec. 118; *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133, 26 Ind. Dec. 275; *Thomas* v. *State* (1971), 256 Ind. 309, 268 N.E.2d 609, 25 Ind. Dec. 321. An Indiana Appellate Court decision dealing with this precise question stated that if on trial a defendant does not object to evidence obtained by an illegal search warrant he cannot complain to the action of the trial court in overruling his motion to suppress. *Worrell* v. *State* (1930), 91 Ind. App. 259, 171 N.E. 208. Other jurisdictions have taken this same approach. See 50 A.L.R.2d 531, 591. In Maryland the court was faced with an almost identical factual situation as the case at bar. There counsel not only failed to object to the introduction of evidence which he had previously moved to suppress, but also stated that he had no objections. The Court of Appeals of Maryland stated:
'We hold that appellant's express waiver of objection to the admission of the evidence now in question was tantamount to a withdrawal of his previous motion to suppress, and that consequently the issue of admissibility is not now before us. To hold otherwise would be to say that a defendant could not change his mind and affirmatively consent to the admission of the evidence at trial. It is settled law that when an accused is present in court

and represented by competent counsel, he is bound by the actions and concessions of counsel, and that even constitutional rights may be waived in the course of a trial.' " *Martelly* v. *State* (1963), 230 Md. 341, 347-348, 187 A. 2d 105, 108.

We view that *Harrison* v. *State* is absolutely determinative of this appeal based upon precisely the same circumstances.

We deem it unnecessary to reach the other questions raised by the Appellant, all of which grew out of the preliminary hearing and ruling on the motion to suppress and were not in any fashion preserved or renewed during the trial of this case as provided for in *Harrison* v. *State, supra.*

It does appear from the record that the Appellant was interrogated and confessed within two hours after he was taken into custody. At that point there would appear to be no violation of his rights under IC 1971, 18-1-11-8, Ind. Ann. Stat. § 48-6112 (Burns 1963 Repl.), or IC 1971, 33-11-1-39, Ind. Ann. Stat. § 9-704a (Burns 1956 Repl.). Likewise, at the time said confession was obtained it would not be, as a matter of law, excludable under IC 1971, 35-5-5-3, Ind. Ann. Stat. § 9-1636 (Burns 1956 Repl.). Having said this we should emphasize that in no sense is it our intention to put our judicial seal of approval on the practice of the police which is clearly reflected in this record. It is undisputed that the Appellant was held in custody by the Kokomo police after his confession on January 14, 1972 until January 19, 1972 when the affidavit was filed and he was not actually brought into court until January 28, 1972. We would hope that this is not regular and routine practice.

On the basis of the record in this case and on the clear authority of *Harrison* v. *State* we hereby affirm the conviction of the Appellant.

Affirmed.

Hoffman, C. J. and Staton, J., concur.

NOTE.—Reported at 298 N.E.2d 22.