GEORGE HANNAH *v.* STATE OF INDIANA.

[No. 2-1173A246. Filed June 6, 1974. Rehearing denied July 24, 1974. Transfer denied November 6, 1974.]

*David F. McNamar, Steers, Klee, Sullivan & Lemay,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant George Hannah (Hannah) appeals from a jury conviction of Robbery, claiming the evidence was insufficient to prove the requisite element of violence or putting in fear, and improper cross-examination by the State relating to his prior convictions.

We affirm.

## FACTS

The facts and evidence most favorable to the State are:

At approximately 2:00 o'clock A.M. on October 10, 1972, Cletus Tow (Tow) was walking north on Illinois Street in the City of Indianapolis.

Hannah approached him from the rear, and struck Tow in the back of the head with his fist knocking him to the sidewalk.

A brief struggle ensued with Hannah finally breaking Tow's watch "off his arm." Hannah immediately fled the scene, but was shortly captured and arrested by a police officer who had witnessed the episode from his patrol car.

When captured in the nearby alley, Hannah had in his possession a watch engraved with the name "Zeke Tow" which was immediately identified by Tow as his watch. Both the police officer and Tow identified Hannah.

At trial, Hannah took the stand on his own behalf and in response to questions by defense counsel[1] on direct examination he discussed his prior convictions:

Q. You've been arrested and convicted before?
A. Yes, I have.
Q. And you're not proud of your past record?
A. No, I'm not.

The State then cross-examined Hannah concerning the exact date and specific crimes of which he was convicted, including theft and burglary. In response Hannah only acknowledged a prior conviction for interstate transportation of a motor vehicle and from the stand objected to any questions relating to his prior convictions as being unrelated to the crime for which he was being tried.

At the close of the evidence, the jury found Hannah guilty of Robbery. He was subsequently sentenced to a term of 10 to 25 years imprisonment.

Hannah appeals.

## ISSUES

Hannah presents two issues for our determination:

ISSUE ONE.  Was the State's cross-examination of Hannah as to his prior convictions a basis for reversible error?

ISSUE TWO.  Was the evidence sufficient to prove as an essential element of Robbery, violence or putting in fear?

As to ISSUE ONE, Hannah contends that the State exceeded the permissible bounds of cross-examination by questioning him as to his prior conviction record.

The State argues that Hannah opened the door to a detailed cross-examination of prior convictions when he referred to the subject on direct examination and further that no proper objection was made at any time.

---

1.  Not Hannah's counsel on appeal.

· As to ISSUE TWO, Hannah contends that the State failed to prove that the taking of the watch was "by violence or putting in fear," an essential element of Robbery; that there was no more than a "snatching," which is not violence.

The State responds that the evidence is more than adequate to establish violence.

## DECISION

ISSUE ONE.

CONCLUSION—It is our opinion that the State's cross-examination of Hannah as to his prior convictions did not constitute reversible error.

Hannah seeks to bend the principle of *Ashton* v. *Anderson*[2] (1972), 258 Ind. 51, 279 N.E.2d 210, to the facts of this case. Such a distortion we cannot allow.

*Ashton* limited impeachment[3] of a witness' credibility to conviction of those crimes involving dishonesty or false statement or to those which render a witness incompetent (treason, murder, rape, arson, burglary, robbery, kidnapping, forgery and wilful and corrupt perjury).

Despite the State's limited right to so impeach on cross-examination, Hannah nevertheless on direct examination opened up the subject of his "past record" without any specificity as to what his previous conviction or convictions might have been. On cross-examination he was asked questions as to convictions of specific crimes, some of which were objection-

2. Also see: *Dexter* v. *State* (1973), 260 Ind. 608, 297 N.E.2d 817; *Lewis* v. *State* (1973), 157 Ind. App. 149, 299 N.E.2d 193.

3. "For all of the reasons discussed above, this Court holds that for the purpose of impeaching the credibility of a witness pursuant to IC 1971, 34-1-14-13, (Ind. Ann. Stat. § 2-1724 [1968 Repl.]), or IC 1971, 35-1-31-6, (Ind. Ann. Stat. § 9-1608 [1956 Repl.]), *only those convictions for crimes involving dishonesty or false statement shall be admissible* * * * However, this Court is bound by IC 1971, 34-1-14-14, (Ind. Ann. Stat. § 2-1725 [1968 Repl.]), which permits impeachment by showing prior convictions for crimes which would have rendered a witness incompetent. These crimes are: *treason, murder, rape, arson, burglary, robbery kidnapping, forgery and wilful and corrupt perjury*." (Emphasis supplied.) *Ashton* v. *Anderson, supra* at 62-63, 279 N.E.2d at 216-17.

able as violative of the rule of *Ashton* v. *Anderson, supra,* but no objection was made on that ground.

Having failed to properly object at trial, he may not raise the error on appeal. *See, e.g., Zupp* v. *State* (1972), 258 Ind. 625, 283 N.E.2d 540; *Pinkerton* v. *State* (1972), 258 Ind. 610, 283 N.E.2d 376; *Harrison* v. *State* (1972), 258 Ind. 359, 281 N.E.2d 98; *Johnson* v. *State* (1972), 257 Ind. 682, 278 N.E.2d 577; *Langley* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538; *Crawford* v. *State* (1973), 156 Ind. App. 593, 298 N.E.2d 22.

Had Hannah properly objected he still would be confronted with *Skaggs* v. *State* (1973), 260 Ind. 180, 293 N.E.2d 781, in which case the defendant took the stand in his own behalf and on cross-examination admitted to prior convictions, which were then explained on re-direct. Having chosen to go into the circumstances of prior convictions, the court held the defendant had no cause for complaint. Hannah, having opened up the subject on *direct* examination is in no better position to complain. *See also: Kelley* v. *State* (1948), 226 Ind. 148, 78 N.E.2d 547; *Stillson* v. *State* (1933), 204 Ind. 379, 184 N.E. 260; *Henry* v. *State* (1925), 196 Ind. 14, 146 N.E. 822; *Osburn* v. *State* (1905), 164 Ind. 262, 73 N.E. 601; *Diehl* v. *State* (1901), 157 Ind. 549, 62 N.E. 51; *Sears* v. *State* (1972), 258 Ind. 561, 282 N.E.2d 807.

ISSUE TWO.

CONCLUSION—It is our opinion that the evidence was sufficient to prove the element of violence or putting in fear.

Hannah was guilty of both violence and putting in fear.

In the process of relieving Tow of his watch, Hannah struck him a foul blow from behind, threw him to the ground, and struggled with him until he obtained possession of the watch. In *Tibbs* v. *State* (1970), 255 Ind. 309, 263 N.E.2d 728, our Supreme Court upheld a robbery conviction on less compelling facts than these:

"There can be no doubt that an article of value was unlawfully taken from the complainant by violence or putting in fear. Marshall Randle testified that the appellant made an attempt to take his watch and, shortly thereafter, did, in fact, push him (Randle) into some nearby bushes. When Randle emerged from the bushes his watch was missing." 255 Ind. at 315, 263 N.E.2d at 732.

"Putting in fear" may be drawn from circumstances attending the taking of the victim's property, *i.e.*, the act of robbery itself. "In fact, to infer otherwise would border on the absurd." *Burton* v. *State* (1973), 260 Ind. 94, 292 N.E.2d 790 at 801; *see also, Perkins* v. *State* (1973), 261 Ind. 209, 301 N.E.2d 513; *DeWeese* v. *State* (1972), 258 Ind. 520, 282 N.E.2d 828; *Perkins* v. *State* (1973), 156 Ind. App. 163, 294 N.E.2d 846; *MacTate* v. *State* (1971), 256 Ind. 55, 267 N.E.2d 76; *Johnson* v. *State* (1972), 258 Ind. 351, 281 N.E.2d 100.

Considering the violent and oppressive circumstances which surrounded the taking in this case, the jury could have rationally infered that Tow was put in fear.

Judgment affirmed.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 311 N.E.2d 838.