J. D. ANDREWS *v.* STATE OF INDIANA.

[No. 3-574A87. Filed January 2, 1975. Rehearing denied January 31, 1975.]

*Edward N. Smith,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

STATON, P.J.—Andre's Variety Store was open for business when Detective Gabriel Silva entered at approximately 2:00 o'clock A.M. Andre's is a store containing a coin-operated pool table, three shoe shine chairs, a cigarette-candy counter, and a round table with chairs. There is a back room which may be entered through an unlocked door, and J. D. Andrews has an office upstairs. Detective Silva placed a quarter in the coin slot and played a game of pool for about thirty minutes. Between shots, he observed a game of "Tonk" being played at the round table.[1] The "Tonk" players were playing for money. After finishing his game of pool, Detective Silva followed several men into the back room where he observed eight men standing around a felt-covered table shooting dice. One of the men at the table wore an apron with pockets. He was making change from the pockets for others who were making bets. Detective Silva drew his revolver and arrested everyone at the table. Other policemen entered the front and back doors of Andre's Variety Store to assist Detective Silva in completing his arrest of the players.

One of the assisting policemen obtained a search warrant several hours later. The search warrant was served on and acknowledged by J. D. Andrews. Andrews opened the safe on the premises where additional playing cards and pairs of dice were found. Andrews was charged by affidavit with keeping a gaming house. IC 1971, 35-1-104-4; Ind. Ann. Stat. § 10-2304 (Burns 1956). After waiving trial by jury, Andrews was found guilty, sentenced to the county jail for thirty days and fined Five Hundred Dollars ($500.00). His appeal to this Court raises three issues for review.

Issue One:    Was there sufficient evidence to sustain the conviction?

---

1. Detective Silva explained that "Tonk" is a game where the highest hand wins the pot.

Issue Two: Was the trial court's judgment contrary to law?

Issue Three: Did the trial court err when it failed to sustain Andrews' motion to suppress evidence?

In reviewing the sufficiency of the evidence to support Andrews' conviction, this Court may not weigh the evidence nor determine the credibility of witnesses. We may only look to the evidence and the reasonable inferences flowing therefrom which support the findings of the trial court. The conviction must be affirmed if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Martin* v. *State* (1974), 262 Ind. 232, 314 N.E.2d 60; *Shank* v. *State* (1972), 154 Ind. App. 147, 289 N.E.2d 315.

There was sufficient evidence that Andrews was keeping a gaming house. There was testimony that Andrews was "running this establishment." Andrews maintained an office upstairs, and he had previously sold Detective Silva a soft drink on the premises. On the morning of the arrests, Detective Silva entered the front room and with others walked unmolested into the rear room. The doors between the front and back room were unlocked. Andrews was behind the counter in the front room prior to and at the time the assisting officers entered the premises. Andrews acknowledged service of the search warrant and opened the safe. Cards and dice were found in the safe in Andrews' office; cards and dice were found in the rear room together with a dice table; and a card game was being held in the front room with money clearly in view on the table. The trial court could, from this evidence, find that beyond a reasonable doubt J. D. Andrews was in charge of the premises and permitted gambling thereon.

We have carefully examined the transcript of the evidence, and we conclude that the evidence is sufficient to sustain

the conviction. We further conclude after our examination of the record that the trial court's judgment is not contrary to law.

There was never any ruling by the trial court on Andrews' "Motion to Quash and Motion to Suppress the Evidence." This motion does not ask that the search warrant be quashed but only requests the suppression of ". . . certain evidence unconstitutionally obtained. . . ." None of the evidence to be suppressed was identified for the trial court expressly or impliedly. Andrews proceeded to trial without a ruling from the trial court on his motion and without objection. At trial, he did not object to the admission of any evidence on the ground that it was the result of an illegal search. Failure to object at trial waives this issue on appeal. *Crawford* v. *State* (1973), 156 Ind. App. 593, 298 N.E.2d 22. Furthermore, the argument of Andrews does not contain any reference to specific evidence which may have been inadmissible. *Stevenson* v. *State* (1974), 162 Ind. App. 222, 318 N.E.2d 573; Indiana Rules of Procedure, Appellate Rule 8.3(A)(7). Andrews has waived any error upon his motion to suppress. We have carefully examined the transcript in this cause and conclude that Andrews' conviction should be affirmed.

Hoffman, and Garrard, JJ., concur.

NOTE.—Reported at 321 N.E.2d 235.