THOMAS D. HENNINGS *v.* STATE OF INDIANA.

[No. 1268S210. Filed March 8, 1971. No petition for rehearing filed.]

*Lee F. Mellinger,* of Elkhart, *Wilmer L. McLaughlin,* of Goshen, for appellant.

*Theodore L. Sendak,* Attorney General, *Lon D. Showley,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—On January 25, 1967, the Elkhart Grand Jury returned an indictment charging the defendant, Thomas D. Hennings, with the crime of first degree murder. Following a trial by jury, a verdict of guilty as charged was returned on April 24, 1968, and the defendant was thereafter sentenced to the Indiana State Prison for life.

The evidence most favorable to the State shows that on January 21, 1967, the defendant and his brother-in-law, Floyd Jackson, Jr., spent most of the day together, commencing at approximately 1:00 a.m. and terminating after a fight in which the defendant stabbed Floyd Jackson, Jr., ten times, and that Floyd Jackson, Jr., died as a result of multiple stab wounds. There is evidence that both the defendant and the decedent had consumed alcoholic beverages beginning at approximately 2:00 a.m. and continuing until after 2:00 p.m., and that they had slept at the Hennings' home between 4:00 a.m. and 8:00 a.m.

The defendant and Floyd Jackson had an argument at a filling station at approximately 3:00 p.m. Another argument between the two men took place at the defendant's home, after which both men left. Soon thereafter, however, the defendant

met Jackson in a road near defendant's house and still another argument occurred, resulting in a fight observed by defendant's step-daughter and by several other juveniles. The parties struck each other and then defendant kicked and stabbed Jackson. Several witnesses testified regarding a camera in Jackson's hand; no witness saw a gun. After the stabbing, defendant placed his brother-in-law in his automobile and drove him to Elkhart General Hospital where he soon died.

Only one issue requires consideration on this appeal. Captain Melvin Troyer of the Elkhart County Police Department was called as a witness by the State in its case in chief and in the course of his testimony, the following questions and responses resulted:

"Q. Other than the conversations with the knives, Captain, did you have occasion to talk to Mr. Hennings again?
A. Yes, sir.

Q. And when was that?
A. On the first Friday of his arraignment. I think on the 27th.

Q. The 27th of what month, Captain?
A. Of January—the first time I brought him over to court on his arraignment.

Q. You say you think it was January 27?
A. I think so.

Q. And is that 1967?
A. Yes, sir.

Q. And how did you bring him over?
A. I brought him over with other prisoners also from the County Jail to the Court, in my car.

Q. What happened at that time, if anything?
A. Well, we were talking in the car, and which we always do when we come back and forth, and he made the remark that—

MR. McLAUGHLIN: May I ask a preliminary question before any remarks get in. He was in custody at this time?
A. Yes, sir.

MR. McLAUGHLIN: And was this a spontaneous volunteered remark, or in answer to a question of yourself?

A. No question of mine. In fact he was talking to other prisoners in there.

MR. McLAUGHLIN: This was a conversation you overheard?

A. Yes, sir.

Q. He was talking to other prisoners in the automobile?

A. Yes, sir.

Q. What, if anything, did he say?

A. Well, he said that they are trying to hang me with first degree murder; that he killed somebody in Chicago, and he didn't get anything out of it, and now they are trying to hang me with first degree murder on this one.

MR. McLAUGHLIN: The defendant moves that the remarks of the defendant be stricken, as highly prejudicial, and not in any way connected with this case."

The court overruled this motion of the defendant. Proof by the State of crimes other than the one for which defendant is being tried is not admissible except in certain cases not pertinent here. 1 Ewbanks Indiana Criminal Law, Symmes Ed. § 384, p. 236. In *Woods* v. *State* (1968), 250 Ind. 132, 143, 235 N. E. 2d 479, 486, we stated:

"The general rule in Indiana is that evidence of separate, independent and distinct crimes is inadmissible to establish the defendant's guilt of the crime charged except to show intent, motive, purpose, identification, or a common scheme or plan. *Meeks* v. *State* (1969), 249 Ind. 659, 234 N. E. 2d 629, opinion filed March 1, 1968, cause number 30910; *Watts v. State* (1950), 229 Ind. 80, 95 N. E. 2d 570."

We note that the testimony objected to was offered during the State's case in chief and further that the State thereafter never offered any evidence that the defendant did in fact kill anyone in Chicago. This testimony had no relevancy whatever to the case being tried. Although the State contends that the testimony was admissible to establish the credibility of the defendant, the defendant had not yet taken the witness stand. It is very possible that the defend-

ant may have felt compelled to take the stand solely to meet this testimony, and for that reason we cannot hold it to be harmless error.

The judgment of the trial court is therefore reversed and a new trial is granted.

Givan, Prentice, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 172.