297 N.E.2d 817 (1973)
Charles Damon DEXTER, Appellant,
v.
STATE of Indiana, Appellee.
No. 571S127.
Supreme Court of Indiana.
July 13, 1973.
*818 Harriette Bailey Conn, Public Defender, Indianapolis, for appellant.
Theodore L. Sendak, Atty. Gen., Michael Schaefer, Deputy Atty. Gen., for appellee.
PRENTICE, Justice.
This is a belated appeal from a conviction for aggravated assault and battery. The State, over Defendant's (Appellant's) proper objection, was permitted to cross-examine him as to prior convictions for assault. This was error. The general rule in Indiana is that evidence of separate, independent and distinct crimes is inadmissible to establish the defendant's guilt of the crime charged except to show intent, motive, purpose, identification, or a common scheme or plan. Woods v. State (1968), 250 Ind. 132, 235 N.E.2d 479. There was no attempt to relate such cross-examination to any of the foregoing exceptions.
The defendant, having taken the stand, placed his credibility in issue. Until Ashton v. Anderson (1972), Ind., 279 N.E.2d 210, it was the law in this state that a witness, including a party to the action who takes the stand as a witness in his own behalf, may be required on cross-examination, as affecting his credibility, to answer as to previous convictions, whether such convictions were felonies or misdemeanors. Niemeyer et al. v. McCarty et al. (1943), 221 Ind. 688, 51 N.E.2d 365; Way v. State (1946), 224 Ind. 280, 66 N. Ed.2d 608; Chambers v. State (1953), 232 Ind. 349, 111 N.E.2d 816. By Ashton v. Anderson (supra) however, we established the rule that only those convictions for crimes involving dishonesty or false statements and those crimes which the statute permits to be shown for impeachment (treason, murder, rape, arson, burglary, robbery, kidnapping, forgery and wilful and corrupt perjury) may be shown for such purposes.
Ashton v. Anderson (supra) does not have retroactive application but the case at bar was pending in this Court at the time Ashton was decided, and it, therefore, should be treated in the same manner.
Defendant has also challenged the sufficiency of the evidence to convict and has asserted that he was deprived of his constitutional right to counsel, the latter predicated upon counsel's failure to file a suggestion of insanity, after having been advised of facts rendering him suspect. In view of our ruling upon the first issue, we deem it unnecessary to go to these.
*819 The judgment of the trial court is reversed.
ARTERBURN, C.J., and DeBRULER, GIVAN and HUNTER, JJ., concur.