WENDELL E. LEWIS *v.* STATE OF INDIANA.

[No. 2-373A74. Filed July 31, 1973.]

*Terrance P. Pehler,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William E. Daily,* Deputy Attorney General, for appellee.

SHARP, J.—The Appellant was charged by way of affidavit with a violation of the Offenses Against Property Act, which charged that he "knowingly, unlawfully and feloniously obtained and exerted unauthorized control over the property of Jay Murdock, to-wit: R.C.A. Stereo Record Player with speakers of a value of two hundred dollars ($200.00), intending to deprive Jay Murdock of the use and benefit of said property. . . ." The Appellant entered a plea of not guilty and waived jury trial. The case was tried in a bench trial on October 17, 1972. The Appellant was found guilty and sentenced to a term of one to five years and fined $500.00. The Appellant was also given credit for 115 days confinement with recommendation that such be considered in assessing good time conduct.

The key question for our determination is whether the trial court properly limited the scope of the prosecutor's cross-examination of the Appellant with the ruling of our Supreme Court in *Ashton* v. *Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210, 216, where it held:

> "For all of the reasons discussed above, this Court holds that for the purpose of impeaching the credibility of a witness pursuant to IC 1971, 34-1-14-13, (Ind. Ann. Stat. § 2-1724 [1968 Repl.]) or IC 1971, 35-1-31-6, (Ind. Ann. Stat. § 9-1608 [1956 Repl.]), only those convictions for crimes involving dishonesty or false statement shall be admissible. It follows, therefore, that *Niemeyer* v. *McCarty*, *supra*, and *McMullen* v. *Cannon*, *supra*, are overruled to the extent they hold that evidence of *any* prior conviction for any crime must be admitted in evidence. However, this Court is bound by IC 1971, 34-1-14-14, (Ind. Ann. Stat. § 2-1725 [1968 Repl.]), which permits impeachment by showing prior convictions for crimes which would have rendered a witness incompetent. These crimes are: treason, murder, rape, arson, burglary, robbery kidnapping, forgery and wilful and corrupt perjury."

More recently a unanimous Supreme Court made specific application of *Ashton* v. *Anderson* to the cross-examination of

a defendant in a criminal case who had chosen to testify for himself and thereby place his own credibility in issue in *Dexter* v. *State* (1973), 260 Ind. 608, 297 N.E.2d 817. *Dexter* was reversed on precisely the same basis which compels the reversal of this case.

In this case the prosecutor questioned the Appellant about the prior convictions of "malicious trespass" and "joy-riding" neither of which are within those crimes set out in *Ashton* v. *Anderson* which the prior conviction of which may be used for impeachment purposes. (There was no contention here that evidence of separate, independent and distinct crimes were offered to show intent, motive, purpose, identification or common scheme or plan as reflected in *Woods* v. *State* (1968), 250 Ind. 132, 235 N.E.2d 479.)

It would appear that our Supreme Court has been both specific and exclusive in regard to the crimes by which a witness may be impeached and those are "treason, murder, rape, arson, burglary, robbery, kidnapping, forgery and wilful and corrupt perjury." None of the offenses from which the prosecutor elicited impeachment testimony are within the confines of any of those crimes above specified in *Ashton* v. *Anderson* and *Dexter*.

Even though this was a judge tried case the permitted cross-examination here was beyond the permissible outer limits established in *Ashton* v. *Anderson* and *Dexter* and therefore constitutes prejudicial reversible error. Thus, we must reverse and remand for a new trial which is accordingly now done.

Reversed and remanded.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 299 N.E.2d 193.