GALE G. SIMCOX *v.* STATE OF INDIANA.

[No. 2-974A219. Filed July 9, 1975.]

Donald G. Fern, of Peru, for appellant.

Theodore L. Sendak, Attorney General, Harry John Watson, III, Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Gale G. Simcox (Simcox) was convicted of the crime of assault and battery with intent to commit a felony following a trial before a jury. His motion to correct errors was overruled, and this appeal was perfected.

The statements of fact and inferences therefrom most favorable to the State in the record of this cause establish that on the night of January 23, 1974, appellant-Simcox approached the intersection of Second and Miami Streets in Peru, Indiana, in his "Van" type vehicle, and stopped for a red light. At this time, a 17-year old girl was walking near the intersection. After inquiring if she desired a ride and receiving a negative response, Simcox turned onto the street the girl was following, proceeded a short distance ahead, and parked his vehicle.

As the girl passed Simcox's automobile, he emerged from it and stated, "I was gonna get you anyway." He then grabbed her by the shoulders and propelled her "a couple of steps into the alley, two or three, into the alley itself, right behind the buildings." She then screamed and Simcox ran down the alley and away from her.

This incident was immediately reported to the police, and Simcox was apprehended shortly thereafter as he pushed his stalled vehicle near the scene of the attack.

Simcox was charged by information with the crimes of assault and battery with intent to commit a felony, to-wit: rape, and assault and battery with intent to commit a felony, to-wit: aggravated assault and battery.[1] Following trial, the jury returned a general verdict finding Simcox guilty of "Assault and Battery with Intent to Commit a Felony."

On appeal Simcox challenges the propriety of the admission in evidence in the trial court of facts relating to another crime committed by him eight to nine months prior to the crime in the instant case. While such crime was sexual in nature, it did not involve actual or attempted rape.

In the case of *Duvose et al.* v. *State* (1971), 257 Ind. 450, 275 N.E.2d 536, our Supreme Court ruled evidence of other rapes inadmissible in a rape prosecution unless such other crimes were shown to fall within one of several general exceptions. Therein, at 452 of 257 Ind., at 537 of 275 N.E.2d, the court stated:

"The general rule in Indiana is that evidence of separate and distinct crimes is inadmissible except to show intent, motive, identification or a common scheme or plan. *Hennings* v. *State* (1971), 256 Ind. 115, 267 N.E.2d 172, 24 Ind.Dec. 674.

"There was no attempt on the part of the state in this case to bring the evidence of the rapes alleged to have occurred in Pennsylvania within the above exceptions to the rule. It is difficult to see how such a statement made by the officer could be anything but prejudicial to the appellants. There is no showing of any relevance of the alleged acts in Pennsylvania to any point in issue to the case at bar."

---

1. Although questioned in his brief on appeal, the propriety of the charging affidavit herein was not presented as an issue to the trial court. Because such issue is thus not preserved for appeal, it has not been considered by this court. *Brown* v. *State* (1970), 254 Ind. 504, 260 N.E.2d 876.

In the case at bar, there likewise was no showing by the State that the evidence of the prior crime was within one of the exceptions stated hereinabove. The admission of such evidence, over appellant's objection, was error.

Simcox also questions the sufficiency of the evidence adduced at trial to support his conviction.

The pertinent part of the statutes relevant to the charges against appellant are as follows:

> "Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and on conviction, shall be fined not more than one thousand dollars [$1,000], to which may be added imprisonment in the county jail not exceeding six [6] months:
> * * *."

IC 1971, 35-1-54-4, Ind.Ann.Stat. § 10-403 (Burns Supp. 1974).

> "Whoever perpetrates an assault or assault and battery upon any human being with intent to commit any felony other than a felonious homicide, shall, on conviction, be imprisoned in the state prison for not less than one [1] nor more than ten [10] years."

IC 1971, 35-1-54-3, Ind.Ann.Stat. § 10-401 (Burns Supp. 1974).

> "Whoever has carnal knowledge of a woman forcibly against her will, or of a female child under the age of sixteen [16] years; or whoever being over eighteen [18] years of age, has carnal knowledge of a woman, other than his wife, who is insane, idiotic or feeble-minded, he knowing of such condition;[,] is guilty of rape, and on conviction shall be imprisoned for a determinate period of not not less than two [2] years nor more than twenty-one [21] years: * * *."

IC 1971, 35-13-4-3, Ind.Ann.Stat. § 10-4201 (Burns Supp. 1974).

> "Whoever intentionally or knowingly and unlawfully inflicts great bodily harm or disfigurement upon another person is guilty of aggravated assault and battery and upon conviction shall be imprisoned in the state prison for not less than one [1] year nor more than five [5] years, to which may be added a fine in any amount not to exceed one thousand dollars [$1,000]."

IC 1971, 35-13-3-1, Ind.Ann.Stat. § 10-410 (Burns Supp. 1974).

The gist of the charges against appellant was that he had committed an assault and battery upon the girl he accosted while possessing the intent to either rape her, or to inflict "great bodily harm or disfigurement" upon her.

In determining appellant's intent at the time of the incident described herein, the jury could have properly considered his conduct and the natural and usual sequence to which such conduct logically points. Further, the requisite intent need not have been established by direct evidence, but rather may be logically and reasonably inferred by the trier of fact from other evidence, if it is satisfied beyond a reasonable doubt as to the existence of such intent. *Washington* v. *State* (1971), 257 Ind. 40, 271 N.E.2d 888; *McIntosh* v. *State* (1970), 254 Ind. 484, 260 N.E.2d 775.

If appellant was convicted by the jury for having committed an assault and battery with the intent to commit aggravated assault and battery, it was necessary for them to find that he possessed an intent to inflict "great bodily harm or disfigurement" as contemplated by IC 1971, 35-13-3-1, *supra*. It has been held that the harm proscribed by such statute is greater than the slight, trivial, minor or moderate harm, such as mere bruises, which might result from a simple assault and battery. *Froedge* v. *State* (1968), 249 Ind. 438, 445, 233 N.E.2d 631.

However, there is no evidence in the record of this cause tending to establish, either directly or inferentially, an intent by appellant to inflict such severe harm or disfigurement. No such intent may be inferred from appellant's statement, he possessed no weapons, and he inflicted no physical harm. While intent may be inferred from indirect evidence, it may not be inferred in the total absence of any such evidence.

Similarly, if appellant was convicted by the jury for having committed the assault and battery with an intent to rape, it must have been established that he possessed an intent to have "carnal knowledge of a woman forcibly against her will * * *." An examination of the

cases in which an intent to rape has been held to be established reveals that in each instance the defendant made some overt act or statement which affirmatively disclosed that the incident was sexually motivated. See: *Washington* v. *State, supra; McIntosh* v. *State, supra; Freeman* v. *State* (1975), 163 Ind. App. 650, 325 N.E.2d 485; *Jester* v. *State* (1975), 163 Ind. App. 24, 321 N.E.2d 762; *Hendley* v. *State* (1974), 160 Ind. App. 338, 311 N.E.2d 849; *Arnett* v. *State* (1973), 155 Ind. App. 82, 291 N.E.2d 376 (transfer denied).

There is no statement or act in the record of this cause which evidences that appellant's actions were motivated by an intent to rape. Cf: *Abshire* v. *State* (1927), 199 Ind. 478, 158 N.E. 228.

In the case at bar, the requisite intent on the part of appellant was not established beyond a reasonable doubt as to either charge in the trial court. Accordingly, we are compelled to conclude that the judgment of the trial court was not supported by sufficient evidence. In light of the errors demonstrated by appellant, the judgment of conviction appealed from is reversed.

Reversed.

Staton, P.J., concurs; Garrard, J., concurs in result.

NOTE.—Reported at 330 N.E.2d 391.