George COWANS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 380S67.

Supreme Court of Indiana.

Nov. 6, 1980.

Dwight F. Ritter, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, George Cowans, was convicted by a jury of attempted rape, a class B felony, Ind. Code §§ 35–41–5–1 and 35–42–4–1 (Burns 1979 Repl.). He was sentenced to imprisonment for a term of twenty years. His appeal presents the following issues:

1. Whether there was sufficient evidence of probative value to sustain the conviction of attempted rape; and

2. Whether defendant had sufficient capacity to form the specific intent required for the crime of attempted rape.

A summary of the facts from the record most favorable to the state shows that Luvenia Wilson was in her home on the evening of March 12, 1979. Her mother, an elderly woman who was the victim, lived there with her. Around 9:30 p.m., Mrs. Wilson was in the kitchen and her mother was sleeping on the davenport in the living room. Suddenly, Mrs. Wilson heard her mother screaming and yelling. Then her mother ran into the kitchen. A man without any clothes on also ran into the kitchen and tried to grab Mrs. Wilson. She began fighting and struggling with him. Her mother was knocked to the floor during this struggle and Mrs. Wilson had to pick her up and get her into a chair. Finally Mrs. Wilson was able to run out of the house to a nearby liquor store and call the police.

The victim testified that while her daughter was gone the defendant tried to rape her. Officer George Mueller was the first to arrive on the scene and entered the house with Mrs. Wilson. As he was entering, he heard a male voice say, "Don't fight, it's going to happen," and "Lay still, I'm going to put it in." He also testified that he heard an elderly female voice crying. He immediately radioed for help, then entered the front room where he saw defendant on top of Mrs. Wilson's mother. The defendant was completely naked and the victim's clothes had been pulled up to her waist. Officer Mueller ordered defendant to get up and then placed him under arrest.

I.

Defendant first contends that there was not sufficient evidence of probative value to sustain the conviction of attempted rape. He specifically claims that there was insufficient evidence to show a "substantial step toward the commission of the crime." We are constrained to state that on appeal this Court will not weigh the evidence nor judge the credibility of witnesses. *Williams v. State*, (1980) Ind., 406 N.E.2d 241. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. When there is substantial evidence of probative value supporting the jury's verdict, the conviction will not be set aside. *Wofford v. State*, (1979) Ind., 394 N.E.2d 100, *Poindexter v. State*, (1978) 268 Ind. 167, 374 N.E.2d 509.

It is clear that in order to be convicted of attempted rape there must be evidence of the requisite culpability and of a substantial step toward commission of an act of sexual intercourse. In determining defendant's intent at the time of the incident, the jury could consider his words and conduct and the natural and usual sequence to which such conduct logically points. *Simcox v. State*, (1975) 165 Ind.App. 16, 330 N.E.2d 391; *Washington v. State*, (1971) 257 Ind. 40, 271 N.E.2d 888. The actions of defendant here were sufficient to establish the requisite culpability. The question of whether those actions also constituted a substantial step is a question of fact for the jury. *Himes v. State*, (1980) Ind., 403 N.E.2d 1377.

In *Zickefoose v. State*, (1979) Ind., 388 N.E.2d 507, we stated:

"While it is well settled that mere preparation is not sufficient to constitute an attempt to commit a crime, it is becoming increasingly common for legislative enactment to provide a penalty for conduct which goes beyond mere preparation." *Id.* 509.

The evidence presented by the state in the instant case, including the position in which the arresting officer found defendant, the comments of defendant, his state of undress, and the fact that the victim's clothes were pulled up above her waist was sufficient to show that defendant had gone beyond "mere preparation." The evidence was sufficient to support the finding that defendant took a substantial step toward carrying out his intent to rape the victim.

## II.

Defendant next alleges that he was so intoxicated at the time of the crime he did not have the capacity to form the requisite intent. While it is true, as the state points out, that defendant did not specifically raise the issue of intoxication in his motion to correct error, we will deal with it as part of the entire sufficiency question. There was conflicting evidence as to the degree of defendant's intoxication. The victim testified that defendant smelled of alcohol. Mrs. Wilson testified that he did not appear "normal." However, the arresting officer testified that defendant's speech was not slurred, he responded quickly to commands and was able to walk without any problem. The officer stated that defendant did not appear to be under the influence of drugs. An appropriate instruction regarding the defense of voluntary intoxication was given to the jury.

 It is clear that voluntary intoxication is no defense to or excuse for a crime, unless the defendant is shown to have been so intoxicated as to be incapable of forming the specific intent necessary to commit the crime. *Larkin v. State*, (1979) Ind., 393 N.E.2d 180; *Greider v. State*, (1979) Ind., 385 N.E.2d 424. The burden of proving affirmative defenses, including that of intoxication, is on the defendant. *Dobrzy-*

*kowski v. State*, (1978) Ind., 382 N.E.2d 170. So long as the offender is capable of conceiving a design, he will be presumed in the absence of contrary proof, to have intended the natural consequences of his own acts. *Greider v. State, supra.* Here there was sufficient evidence of defendant's control over his own actions at the time of the offense to support the jury's finding of the necessary specific intent.

For all of the foregoing reasons, there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.