Steven L. BURKES, Appellant,

v.

STATE of Indiana, Appellee.

No. 781S183.

Supreme Court of Indiana.

March 8, 1983.

Susan K. Carpenter, Public Defender of Indiana, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, James W. Turpen, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On December 4, 1980, Defendant-Appellant Steven L. Burkes was found guilty by a jury of the crime of burglary, a class C felony, and was also found to be a habitual criminal. No question is raised as to the habitual criminal finding. The issues raised in this direct appeal pertain only to Appellant's burglary conviction. Appellant's issues are as follows:

1. whether the trial court committed fundamental error by permitting the prosecution to "instruct" the jury during *voir dire;*

2. whether the trial court erred by allowing the prosecution to elicit testimony for impeachment purposes regarding one of Appellant's prior convictions; and

3. whether Appellant's conviction was supported by sufficient evidence.

During the early morning hours of September 1, 1980, the L.A. Lounge in Elkhart, Indiana, was broken into. Large quantities of beer and wine were taken from the premises, as well as a clock radio and a brief case containing certain personal papers belonging to the Lounge's owner. Rudy Greer testified that he, Appellant Burkes, Jamie Harris and Stanley Pearson committed the burglary of the L.A. Lounge. He specifically stated that Harris and Pearson heaved bricks through the Lounge's large plate glass window thereby breaking it out. The group thereupon left the scene for fifteen to twenty minutes to see who might respond. When they noticed no response, they returned to the building and proceeded to burglarize it. Greer stated that he and Pearson guarded the exterior of the building while Burkes and Harris entered through the broken window with two duffel bags. Burkes and Harris filled the bags with beer and wine and removed them from the premises. Greer testified that on three different occasions he observed Burkes carry from the Lounge at least one

of the duffel bags loaded with bottles of liquor. The filled bags were taken to a nearby burned out and vacant building where they were hidden. Homer Taylor testified that on September 1, 1980, he and a friend encountered Burkes and another man offering to sell quantities of beer and wine from the trunk of an automobile. Taylor bought four gallons of wine and approximately five cases of beer for five dollars. According to Taylor, Burkes urged him to inform others that Burkes had liquor for sale. Appellant Burkes testified that although he was present when and where this crime transpired, he did not aid in its commission. He specifically stated that he stayed at least fifteen feet from the smashed window and did not participate in removing any of the stolen goods from the Lounge. He admitted that he carried one loaded duffel bag to the vacant lot but claimed that said bag had been placed outside of the Lounge by someone else. He also admitted that he removed some of the liquor secreted at the vacant lot and sold it.

I

Appellant Burkes now alleges that the State exceeded the proper bounds of jury *voir dire* when it presented a lengthy commentary and recitation of law to the jury. He claims that the commentary amounted to instructing the jury. The State commenced its examination of the prospective jurors with a brief statement explaining to them what would happen at each stage of the trial. The State then advised the prospective jurors of the nature of Appellant's charges and of the appropriate statutes involved. There followed a discussion of the presumption of innocence and of the burden of proof. At several points during this commentary, the State asked different prospective jurors if they understood the concepts being explained and if they had any "question or quarrel." Appellant admits that he did not raise a proper and timely objection in the trial court at the time this questioning was conducted. He now claims, however, that the procedure was so improper that the trial court's failure to stop the procedure consti-

tuted a fundamental error. Fundamental error is error that if not corrected would deny a defendant of fundamental due process. *Johnson v. State,* (1979) Ind., 390 N.E.2d 1005. We previously have held:

"Only when the record reveals clearly blatant violations of basic and elementary principles, and the harm or potential for harm could not be denied, will this Court review an issue not properly raised and preserved." *Warriner v. State,* (1982) Ind., 435 N.E.2d 562, 563.

No issue of fundamental error is presented here. The trial court has broad discretion in conducting *voir dire* examination and its discretion to allow a particular series of questions will be reversed only for an abuse of judicial discretion. *Hopkins v. State,* (1981) Ind., 429 N.E.2d 631; *Robinson v. State,* (1973) 260 Ind. 517, 297 N.E.2d 409. The prosecutor's commentary and dialogue with the prospective jurors was a reasonable means whereby the prospective jurors were asked if they understood the law applicable to Appellant's case and if they would be able to follow it. Each party was properly accorded the opportunity to examine the prospective jurors on *voir dire* and to determine whether or not each prospective juror could render a fair and impartial verdict according to the law and the evidence. *Blackburn v. State,* (1979) Ind., 390 N.E.2d 653. Since Appellant did not preserve this issue for appeal by a timely objection or mistrial motion in the trial court, he waived any error that might have been committed. *Vacendak v. State,* (1982) Ind., 431 N.E.2d 100; *Robinson, supra.*

II

During the State's cross-examination, Appellant testified that he was convicted in 1970 of the crime of exercising unauthorized control over a motor vehicle. Appellant now contends that the trial court erred by permitting the State to elicit this testimony from him. He specifically contends that his 1970 "joy-riding" conviction was not admissible under the rule of *Ashton v. Anderson,* (1972) 258 Ind. 51, 279 N.E.2d

210. He also cites *Lewis v. State,* (1973) 157 Ind.App. 149, 299 N.E.2d 193, as authority for the proposition that an unauthorized control conviction is inadmissible for impeachment purposes.

 *Ashton* permits the showing of prior offenses for impeachment purposes when the prior offenses are either (1) infamous crimes which would have rendered a witness incompetent, or (2) crimes involving dishonesty or false statement. This Court further clarified and expanded upon part (2) of the *Ashton* rule when we applied it to the criminal case of *Fletcher v. State,* (1976) 264 Ind. 132, 340 N.E.2d 771. In *Fletcher,* this Court held that proof of a prior theft conviction is generally admissible for impeachment purposes. Considering the various ways in which a theft can be committed, this Court stated:

> "We reject as too cumbersome any procedure which would require the trial court to probe about the record of the witness's prior theft conviction to ascertain the common law equivalent, prior to admitting any evidence of the conviction at trial."

*Fletcher,* 264 Ind. at 136, 340 N.E.2d at 774. The Court of Appeals has held that the offense of exercising unauthorized control over a motor vehicle is a lesser included offense of the crime of theft when the offense charged is theft of an automobile. *Brown v. State,* (1972) 153 Ind.App. 114, 286 N.E.2d 201. We now adopt that holding as our own. Moreover, we now hold that the simple fact of a prior conviction for theft or for a lesser included offense of theft is sufficient to make evidence of said prior conviction admissible for impeachment purposes, subject to the exclusionary procedure provided in *Fletcher. Lewis v. State,* (1973) 157 Ind.App. 149, 299 N.E.2d 193 is accordingly overruled.

 The exclusionary provision in *Fletcher* applies to theft convictions which do not indicate a witness' lack of veracity. We held:

> "At the same time we recognize that our holding herein may allow admission of some theft convictions which arise from factual situations which do not indicate a lack of veracity on the part of the witness. In such cases, we believe that counsel should make such facts known to the court through a pre-trial motion in limine, supported by appropriate affidavits, thereby allowing the court the opportunity to exclude, in its discretion, any reference to such prior conviction. The vigilant use of this procedure by counsel will insure that the guidelines of *Ashton* are adhered to, without disrupting the trial."

*Fletcher,* 264 Ind. at 137, 340 N.E.2d at 775. Appellant Burkes did not avail himself of the relief procedure outlined in *Fletcher.* Specifically, Appellant never apprised the trial court of any particular reason why evidence of his 1970 conviction was inadmissible under *Ashton.* Instead, Appellant made only a general objection stating that his 1970 conviction was too remote in time and of too little probative value to be admissible. Appellant's *Ashton* arguments have been made only on appeal. Under the facts presented in this appeal, we do not believe that Appellant was prejudiced before the jury to such an extent that the admission of his 1970 conviction must be considered reversible error. Moreover, we find that any error which the trial court may have committed in this regard is clearly harmless in light of the extremely incriminating evidence adduced during Appellant's trial. We accordingly find no error on this issue.

### III

 Finally, Appellant claims that there was insufficient evidence for the jury to find him guilty beyond a reasonable doubt of burglary. He argues that the evidence adduced during his trial only showed his opportunity to commit the crime due to his presence at the crime scene. When considering sufficiency questions on appeal, this Court will neither reweigh the evidence nor judge the credibility of the witnesses. We will look only to that evidence most favorable to the State together with all reasonable and logical inferences

drawn therefrom. When we find substantial evidence of probative value to sustain a conviction, we will not disturb the conviction. *Pinkston v. State,* (1982) Ind., 436 N.E.2d 306; *Turpin v. State,* (1982) Ind., 435 N.E.2d 1.

 Witness Greer testified to being one of the participants in the instant crime. He stated that he observed Appellant enter the Lounge and remove goods from it at least three different times. A conviction may be sustained by the testimony of a single eyewitness. *Barnes v. State,* (1980) Ind., 403 N.E.2d 331; *Bryant v. State,* (1972) 257 Ind. 679, 278 N.E.2d 576. Furthermore, Appellant himself admitted that he was present at the Lounge during the burglary, that he was with the other perpetrators, that he stood within fifteen feet of the smashed window used by the others to commit this crime, that he carried one of the loaded duffel bags from the crime scene to the vacant lot where the stolen merchandise was hidden, and that he subsequently removed some of the stolen merchandise and sold it. Although mere presence at the scene of a crime is insufficient to sustain a conviction, presence at the crime scene in conjunction with other facts and circumstances tending to show participation in the crime is sufficient to sustain a conviction. In addition, Ind.Code § 35–41–2–4 (Burns 1979) provides that:

"A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, . . ."

The participation to which Appellant admitted was an aiding and abetting in the instant burglary, which, by itself, justified the jury in finding Appellant guilty of burglary. As stated by this Court in *Showecker v. State,* (1982) Ind., 432 N.E.2d 1340, 1342:

"Thus appellant's activities in acting as a lookout and assisting in the escape, while having an awareness of the burglary and access to the getaway car and stolen goods, would constitute commission of this offense if his version had been believed."

Accordingly, we find that there was more than sufficient evidence to sustain Appellant's conviction of class C felony burglary beyond a reasonable doubt.

The trial court is in all things affirmed.

GIVAN, C.J., and HUNTER and DeBRULER, JJ., concur.

PRENTICE, J., concurs in result.