Robert Eugene SHOULDERS,
Appellant,

v.

STATE of Indiana, Appellee.

No. 1083S348.

Supreme Court of Indiana.

July 16, 1985.

Aaron E. Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from convictions of robbery, a class A felony, I.C. § 35–42–5–1, and theft, a class D felony, I.C. § 35–43–4–2. The case was tried before a jury. Appellant received a thirty five year sentence for robbery and a two year concurrent sentence for theft.

Appellant raises three issues on appeal: (1) whether the trial court erred in suppressing the testimony of the accomplice, concerning the punishment he might have received had he not agreed to testify against him; (2) whether the trial court committed fundamental error in giving State's Instruction Number Four to the jury; (3) whether his sentence is manifestly unreasonable.

These are the facts from the record that tend to support the determination of guilt. In the early morning hours of June 15, 1982, appellant and his accomplice, Floyd Mullins, broke into a shed with bolt cutters at the Donoho's residence and took a riding

lawn mower. Mrs. Frazier, a neighbor of the Donohos, looked out her window and saw the two men pushing the mower down the street. She immediately telephoned David Donoho and told him what she had seen. David Donoho got dressed, grabbed his rifle and awakened his seventy-nine year old father. David Donoho then left the house, walked several blocks and discovered the mower in a ditch.

Meanwhile, appellant and Mullins had gone to a friend's trailer to ask him if he wanted to see the mower. Subsequently, the friend, appellant and Mullins went to see the mower. When they approached the mower, David Donoho confronted them and asked if they knew anything about his mower. At that point, the friend and Mullins departed. Appellant remained and became very upset. Minutes later, Mullins returned and began throwing rocks from an embankment. Then David Donoho's father arrived carrying a shotgun. Thereafter, appellant grabbed David Donoho's rifle and a fight broke out between them. Mullins kicked one of the men and David Donoho was struck repeatedly on the head. Appellant and Mullins then left with the guns. Donoho and his father both required hospitalization and surgery. The father sustained fluid on the brain. State Trooper Robert Wood recovered the Donoho's guns from David Smith. Smith testified that appellant and Mullins sold him the weapons for $130.00. Also, appellant's palm print was found on the mower.

I

Appellant argues that the trial court erred in suppressing the testimony of accomplice Mullins, concerning the sentence Mullins might have received had he not agreed to testify against appellant.

Mullins was originally charged with class A robbery and class D theft. In a plea agreement, the State agreed to forego prosecution on the charges of robbery and theft, and Mullins agreed to plead guilty to class B burglary and to testify against appellant. At trial, Mullins confirmed the terms of the plea agreement on direct examination. He also stated that the State made no sentencing recommendation and that he received a six-year sentence for the burglary conviction. The plea agreement was admitted into evidence.

On cross-examination, Mullins stated that he had been informed of the maximum sentence for conviction of a class B felony. Subsequently defense counsel asked him if he had been informed of the penalty for the conviction of a class A felony that involved the infliction of physical injury. Before Mullins could answer, the State objected to the question, and the trial court sustained the objection.

Appellant claims that the subject the question pertained to was a proper matter for impeachment because it concerned interest, bias and prejudice. Therefore, he contends that the jury was entitled to know the degree of benefit Mullins actually received in exchange for his testimony.

> Indiana has long recognized that in order for the jury to have all the facts and circumstances upon which to judge the credibility of a witness, the state must disclose any promises, grants of immunity or rewards offered in return for his testimony. The State is in fact under a continuing duty to disclose any rewards promised to any witness for testifying.

*Campbell v. State* (1980), 274 Ind. 88, 409 N.E.2d 568.

Here, the State disclosed the entire plea agreement which indicated that a robbery charge and a theft charge were dismissed in exchange for a plea of guilty to burglary and for his testimony against appellant.

■ This disclosure was sufficient to inform the jury that Mullins received a substantially diminished penalty for his guilty plea and testimony. As a result, the jury had sufficient facts about the circumstances of Mullins's testimony to evaluate his credibility. In these circumstances, knowledge of the even greater sentence for the class A offense, if imparted to the jury, would not have added tellingly to the impeaching value of the bargain, and would have raised the danger of a compromise

verdict. *Debose v. State* (1979), 270 Ind. 675, 389 N.E.2d 272.

## II

Appellant argues that the trial court committed fundamental error in giving State's Instruction Number Four to the jury. He contends the instruction is an improper comment on the credibility of a witness. The instruction is set forth here:

An accomplice is a competent witness, and a person may be convicted on the uncorroborated testimony of an accomplice.

■ Appellant did not object to the instruction at trial nor did he raise the issue in his motion to correct errors. Under such circumstances appellate review is usually foreclosed, *Brown v. State* (1981), 275 Ind. 441, 417 N.E.2d 333, however, appellant seeks review under the doctrine of fundamental error. Fundamental error is error that if not corrected would deny a defendant fundamental due process. *Johnson v. State* (1979), 271 Ind. 145, 390 N.E.2d 1005. Only when the record clearly reveals blatant violations of basic and elementary principles, and the harm or potential for harm could not be denied, will this Court review an issue not properly raised and preserved. *Burkes v. State* (1983), Ind., 445 N.E.2d 983; *Warriner v. State* (1982), Ind., 435 N.E.2d 562.

■ No issue of fundamental error is presented here. The instruction given is not an incorrect statement of the law. *Roseberry v. State* (1980), 273 Ind. 179, 402 N.E.2d 1248; *Martin v. State* (1972), 258 Ind. 83, 279 N.E.2d 189. The instruction is not a comment on the credibility of a witness, rather it comments on the eligibility of a witness to testify and when read with the instructions on credibility, it conveys the meaning that a person may be convicted on the uncorroborated testimony of an accomplice if that testimony is believed by the jury. Consequently appellate review is foreclosed.

## III

■ Appellant argues that his thirty-five year sentence for robbery is manifestly unreasonable. He was convicted of class A robbery. The presumptive sentence for a class A felony is thirty years, with not more than twenty [20] years added for aggravating circumstances or not more than ten [10] years subtracted for mitigating circumstances. I.C. § 35–50–2–4. The trial court chose to enhance the presumptive sentence by five years citing the age of one of the victims as an aggravating circumstance. One of the victims was a seventy-nine year old man. See I.C. § 35–38–1–7(b)(5).

Rule 2 of the Indiana Rules for the Appellate Review of Sentences provides:

### Scope of Review

(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed.

Here, appellant's sentence is within the statutory guidelines. A reasonable person could find his sentence aggravation appropriate to the offense of robbery and to the offender, especially in light of the facts that he chose to join his accomplice in the employment of force in the first instance to escape his captors, that a very old man was severely beaten by the accomplice during the affray, and that appellant abandoned both captors after they had been seriously injured. The sentence is not manifestly unreasonable.

The convictions are affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.