Raymond K. BOWEN, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 46S05–9611–CR–728.

Supreme Court of Indiana.

May 29, 1997.

---

Susan K. Carpenter, Public Defender, Gregory L. Lewis, Deputy Public Defender, Indianapolis, for Defendant–Appellant.

Pamela Carter, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

## ON PETITION TO TRANSFER

DICKSON, Justice.

The defendant-appellant, Raymond K. Bowen, was convicted of Burglary,[1] a Class C felony, following a jury trial. The trial court imposed an eight year sentence. The Court of Appeals reversed. *Bowen v. State,* 671 N.E.2d 1182 (Ind.Ct.App.1996). We granted the State's petition for transfer.

The defendant presents three issues: (1) whether the trial court's instruction regarding juror disagreement constituted fundamental error; (2) whether jury instructions regarding the proof required for burglary constituted fundamental error; and (3) whether he received his constitutional right to counsel. We affirm the trial court.

The defendant contends that the trial court erred in giving a final instruction regarding jurors' obligations in the event of disagreement with other jurors. There was no objection at trial as required by Indiana Trial Rule 51(C), but the defendant, to avoid procedural default, argues that the instruction constituted fundamental error. Because this instruction is identical to one which this Court recently found appropriate as "a request that jurors attend to the views of others and re-examine their own," *Edgecomb v. State,* 673 N.E.2d 1185, 1198 (Ind.1996), we reject the defendant's claim of fundamental error.[2]

---

1. IND.CODE § 35–43–2–1 (1993).

2. However, *Edgecomb* is not a positive endorsement for the use of this instruction but rather a rejection of a specific defense objection made at trial. To the extent that trial courts address the possibility of juror disagreement in preliminary or final instructions, we find the general pattern instruction regarding jury deliberations to be preferable and adequate, not warranting supplementation. The relevant part of that instruction provides:

> It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do

■ The defendant next contends that the trial court erred by giving a jury instruction which included the sentence: "To convict the defendant, the State must have proved each of the following elements: The defendant: 1. knowingly or intentionally 2. broke and entered 3. the building or structure ... 4. with intent to commit a felony, theft, in it." Record at 83.[3]

As with the defendant's first issue above, there was no objection at trial and this instruction is clearly not fundamental error. We find the defendant's appellate claims as to this instruction forfeited.

■ The defendant also seeks reversal of his conviction on grounds that he received ineffective assistance of trial counsel based on the failure to object to: (1) the State's improper use of prior conviction evidence; (2) the instruction regarding juror disagreement; and (3) the instruction listing the elements of burglary and closing arguments thereon. To prevail with an ineffective assistance of counsel claim, the defendant must show that counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment and that this deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Lloyd v. State*, 669 N.E.2d 980, 984 (Ind.1996).

■ A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699. Stating, "[t]he object of an ineffectiveness claim is not to grade counsel's performance," the *Strickland* Court instructed that, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* To establish prejudice, the Court held

that "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695, 104 S.Ct. at 2068–69, 80 L.Ed.2d at 698. As we have recently noted in *State v. Van Cleave*, 674 N.E.2d 1293 (Ind.1996), emphasis is placed on whether the "result of the proceeding was fundamentally unfair or unreliable." *Id.* at 1298 (citing *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842, 122 L.Ed.2d 180, 189 (1993)).

LaPorte City Police Officer Thomas Thate testified that he was dispatched to the Fair Muffler Shop in response to a silent alarm. He discovered a broken window in the work/bay area of the shop and he observed two men, the defendant and Terry Clark, standing in the work/bay area of the building. The defendant and Clark then ran in separate directions. Clark was apprehended as he left the building and the defendant was found locked in a bathroom inside the building. Officer Thate found a cash box and a music/boom box in the work/bay area and an employee of the Fair Muffler testified that the items had been moved from their regular places. Fingerprints tests were inconclusive.

At trial, Clark testified for the State and told the jury that he and the defendant had been drinking at a bar and, on their way home, passed the Fair Muffler Shop. He testified that they saw a car outside the work area, talked about stealing it, and decided to break into the shop to find the keys to the car. Clark stated that the defendant kicked out the window and went in first. He maintained that the defendant searched for the keys while he stayed in the work area until the police arrived.

The defendant took the stand and testified that, after he and Clark left the bar, Clark initiated the conversation about stealing the car in front of the Fair Muffler and also stated that the keys were probably inside the

---

so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced if it erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of

the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

2 IND PATTERN JURY INSTRUCTION (Criminal) 13.23 (2d ed.1993).

3. This instruction parallels Indiana Criminal Pattern Jury Instruction Number 4.17 (1993).

shop. According to his testimony, he went behind a dumpster to relieve himself and, while doing so, heard glass shatter. After he walked back from the dumpster, he saw the broken window and observed Clark inside the shop. He yelled "Come out," to which Clark responded "No," at which time the defendant "went inside to get [Clark] out." Record at 574. The police arrived almost immediately thereafter and the defendant stated that he was scared and ran to the bathroom.

The credibility of both Clark and the defendant was at issue. The prosecutor informed the jury that Clark did not want to testify, disliked the prosecutor, and, while he had not been given any promises of leniency, he had been told that the State would consider a modification of his sentence after the trial. On cross-examination, Clark testified that he expected a reduction in his sentence and that he would not have testified against the defendant had he not expected this reduction. Clark also told the jury that he had been convicted eight times in addition to his conviction for Burglary in this case and that the eight convictions were primarily for Burglary and Theft. During direct examination, the defendant testified that he had four prior convictions, one for Burglary and three for Theft. LaPorte Police Officer Geoff Welliver testified that the defendant gave the officer a false statement implicating a third person, alleging that the third person forced the defendant, at gun point, to enter the business. After taking the stand, the defendant admitted this statement was false, testifying that he was scared because he had "done time in the past" and "figured if I told officers the truth about what went on they wouldn't believe me anyways so I made up a story." Record at 576.

During closing arguments, defense counsel emphasized Clark's lack of credibility, highlighting his prior convictions and the fact that he was expecting a reduction in his sentence in return for his testimony. During the State's rebuttal argument, the prosecutor stated that the defendant also had prior criminal convictions and told the jury, "You're supposed to use that to judge his credibility, his testimony and you can use that." Record at 619–20.

However, the prosecutor went further, telling the jury, "I think a person's behavior or conduct in the past indicates how they're gonna act in the present and in the future. I think that's only right and you should know that from your common sense and background." Record at 620. This was clearly an improper use of prior conviction evidence to "produce the 'forbidden inference'—that the defendant acted badly in the past and that the defendant's present, charged actions conform with those past bad acts." *Hardin v. State*, 611 N.E.2d 123, 126 (Ind.1993). This forbidden inference is contrary to Indiana Evidence Rule 404(b), which states, "Evidence of other crimes ... is not admissible to prove the character of a person in order to show action in conformity therewith." However, the issue before this Court is whether defense counsel's conduct, by failing to promptly act in response to this impropriety, rendered the result of the proceedings fundamentally unfair or unreliable.

The defendant urges that *Messer v. State*, 509 N.E.2d 249 (Ind.Ct.App.1987) is dispositive as to whether sufficient prejudice existed. We disagree. We first note that, although one claim in *Messer* resembles the issue in the case at bar, Messer made three additional claims, alleging that his counsel was ineffective by: (1) eliciting testimony, without objection or motion to strike, regarding Messer's attempt at plea bargaining and prior assertion of his Fifth Amendment right to remain silent, *Id.* at 250–51; (2) failing to object during the State's closing arguments, to the prosecutor's urging the jury to convict him "because he had only been out of prison for six months," *Id.* at 252; and (3) failing to object to the State's closing argument that "the jury would be subject to public ridicule if it acquitted him." *Id.* The Court of Appeals found that, because trial counsel did not object to this testimony or argument, "[t]he jury's attention was diverted from the facts supporting the charge and a verdict based on Messer's past record and influenced by the jury's perception of the community interest was made more likely." *Id.* at 253. The court further emphasized that "[t]he

only direct evidence presented was that Messer was present at a scene where an apparent burglary had occurred," and that "[m]ere presence at the scene of a burglary is insufficient to sustain a conviction." *Id.* (citing *Burkes v. State,* 445 N.E.2d 983 (Ind.1983)). The State's case against Messer was "primarily circumstantial and dependent on the jury's estimation of [the police officer's] and Messer's credibility. Messer's credibility was undermined by the evidence of plea bargaining and was unfairly and improperly attacked by the prosecution's final argument." *Id.* The Court of Appeals held, "trial counsel's failure to prevent admission of the damaging evidence of plea bargaining, and trial counsel's failure to object to the prosecution's final argument prejudiced Messer's defense to the extent that confidence in the outcome reached by the jury is undermined." *Id.*

We first note that the court in *Messer* found prejudice existed based on four separate instances where trial counsel failed to object to improper testimony or arguments. In addition, in contrast to *Messer,* where the sole evidence was the defendant's presence *outside* the building which apparently had been burglarized, in the present case the defendant was found *inside* the building which had been burglarized, hiding in a bathroom, and the State introduced direct evidence from the defendant's accomplice—who had pled guilty to the burglary—implicating both men.

While credibility was at issue, in light of the evidence at trial, we cannot conclude that the State's improper statement during closing argument substantially influenced the jury. As noted, the defendant's prior convictions were properly introduced during the trial as impeachment evidence under Indiana Evidence Rule 609 and his credibility was impeached with his admission that he lied to the police. We perceive that the impact of the improper statement was relatively slight.

Additionally, we find little, if any, merit to the defendant's claims that he was deprived of his constitutional right to counsel by reason of his trial counsel's failure to object to the instructions regarding the resolution of juror disagreement and defining the elements of burglary. An instruction which requests that jurors attend to the views of others and re-examine their own is a proper directive for preliminary and final instructions regarding jury deliberations. *See Edgecomb,* 673 N.E.2d at 1198, 2 IND. PATTERN JURY INSTRUCTION (Criminal) 13.23 (2d ed.1993). Likewise, the burglary instruction, following Indiana Criminal Pattern Jury Instruction 4.17 (1993), correctly informs the jury that to convict for burglary the State must prove that the defendant "knowingly or intentionally broke and entered" with the "intent to commit a felony, theft."

We decline the defendant's request for reversal due to ineffective assistance of counsel. The failure of defense counsel to object to instructions and to the prosecution's improper statement during closing argument did not result in a fundamentally unfair or unreliable proceeding.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.